Rivera v Caban (2023 NY Slip Op 01314)

Rivera v Caban

2023 NY Slip Op 01314

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2019-10568
 (Index No. 519704/17)

[*1]Eulogio Rivera, et al., appellants,
v
Eliseo Caban, et al., respondents.

Torrellas Law Offices, PLLC, Brooklyn, NY (Miguel A. Torrellas of counsel), for appellants.
Jeanette Malaty, Glendale, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for the improper removal of the plaintiff Eulogio Rivera as president of the plaintiff Pentecostal Church El Redil, the plaintiffs appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated June 19, 2019. The order denied the plaintiffs' motion pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to preclude the defendants from offering certain evidence at trial, and granted the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs, Eulogio Rivera and Pentecostal Church El Redil (hereinafter the church), commenced the instant action against the defendants, who were members and officers of the church, alleging, inter alia, that the defendants improperly removed Rivera from his position as president of the church. The defendants answered. The plaintiffs moved pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to preclude the defendants from offering certain evidence at trial, for failure to comply with discovery demands. The defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the cross-motion and denied the motion. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the Supreme Court properly denied their motion pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to preclude the defendants from offering certain evidence at trial, for failure to comply with discovery demands. There was no court order requiring disclosure (see CPLR 3126[3]; Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 896), and the plaintiffs otherwise failed to demonstrate that the defendants' failure to comply with the discovery demands was "clearly wilful and contumacious" (Johnson v Ortiz Transp., LLC, 205 AD3d 699, 700 [internal quotation marks omitted]).
The Supreme Court properly granted the defendants' cross-motion for summary judgment dismissing the complaint. Contrary to the plaintiffs' contention, the defendants made a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). On their cross-motion, the defendants established that they properly removed Rivera from his position as president of the church and acted in accordance with the Religious [*2]Corporations Law as well as the bylaws of the church. The defendants demonstrated that Rivera was replaced with the defendant Eliseo Caban after Rivera was absent from the church for many years. In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). They did not present evidence establishing that the defendants acted improperly in replacing Rivera or violated the Religious Corporations Law or bylaws of the church.
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court